The plaintiff alleges that he is the illegitimate child of Anderson Harris, and that his father had lent to the defendant W. J. Hamlett the sum of $838.94, and, being disposed to make a provision for him, took from the said Hamlett a bond made payable to the plaintiff for (58) that sum, and delivered it to his mother, Joan Stephens, for his use and benefit. He states that, subsequently, it was by his *Page 53 
mother delivered to his father for collection, who lost it, and shortly thereafter died; and that John Harris, his father, administered on his estate, and took from W. J. Hamlett a bond for the money so lent him in his own name, as such administrator, and claims to hold it as assets of the estate of Anderson Harris.
The defendant John Harris denies that he has any knowledge of the making of the bond of W. J. Hamlett payable to the plaintiff; and if it was made, he denies it was ever delivered to the plaintiff or to any one for him. He alleges the facts to be, as he had heard, that Anderson Harris was convicted in the Superior Court of Person County for an offense for which the court sentenced him to be imprisoned three months and pay a fine of $300, and that to evade the payment of the fine, he made the loan spoken of to Hamlett, and took the bond payable as stated. He further states that at the time the loan was made to Hamlett and the bond taken, Anderson was very largely indebted to him for rents of lands and money lent him, to an amount much larger than the bond in controversy, and that, after paying the just debts of the intestate, Anderson, there will not be assets to an amount exceeding $175.
We are satisfied from the evidence that the bond made by W. J. Hamlett to the plaintiff was delivered to his mother for him, and was intended to enable Anderson Harris to evade the payment of the fine imposed upon him by the court on his conviction, and that it was, therefore, fraudulent and void as to the State; but the fine and the costs of the prosecution have been paid, and the State is not (59) making any complaint. But, although the debt due the State is paid, still, as the bond, or the money secured thereby, was a gift by Anderson Harris to the plaintiff, it is void as to the creditors of the donor; yet it is binding on Harris, and on the defendants who stand in his shoes. The defendant Hamlett is also bound to make it good. At the time he gave the second bond to John Harris, the administrator of Anderson Harris, he knew the original bond was the property of the plaintiff. John Harris, however, in his answer alleges that his son Anderson was, at the time of the gift of the Hamlett bond to the plaintiff, largely indebted to him and that those debts are unpaid, and that there are not assets sufficient to pay what was due him, over and above the Hamlett bond.
There must be a reference to the master to take an account of the assets of Anderson Harris which came to the hands of his administrator, John Harris, the amount of the debts due from the estate, and *Page 54 
particularly the amount of the debt due from the estate to John Harris, and how due.